UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

CASE NO. 97-2729-CIV-GOLD
Magistrate Judge Johnson

ONE (1) 1963 CHRIS CRAFT ROAMER YACHT
KNOWN AS THE MITZ, VESSEL NUMBER
961848 AND HULL NUMBER 44106 AND ALL
EQUIPMENT, APPAREL, ENGINES, RIGGING
AND OTHER CONTENTS ABOARD, et. al.

    Defendant.

_____/

### AFFIDAVIT OF NEVIN SHAPIRO IN OPPOSITION TO UNITED STATES MOTION FOR SUMMARY JUDGMENT

**BEFORE ME**, the undersigned authority appeared NEVIN SHAPIRO who after being sworn deposes and states:

1. Affiant is the owner of the following described real property:

Lot 20, Block 7 of Lighthouse Point Sixth Section, according to the Plat thereof, as recorded in Plat Book 42, Page 35, of the Public Records of Broward County, Florida.
(hereinafter the "Property")

2. Affiant has reviewed the Complaint for Forfeiture filed by the United States of America (hereinafter the "U.S.A."), the U.S.A.'s Motion for Summary Judgment and the Affidavit of Allen Stidger which was served by the United States in support of its Motion for Summary Judgment.

3. At no time prior to the service of the Complaint for Forfeiture did Affiant have any knowledge that the Property was acquired with funds which allegedly were the fruit of an advance fee scheme or any other criminal activity committed by Richard Adam.

1



CASE NO.: 97-2729 CIV-GOLD

4. A chronology of affiants relationship with Richard Adam is as follows:

A. In November of 1986 Affiant's mother Ronnie Adam began dating Richard Adam. In May of 1987 they were married.

B. At the time Richard Adam married Affiant's mother, Affiant was away at college. Since Affiant was an adult and away at college at that time, Affiant did not forge a close father/son relationship with Richard Adam.

C. From the time Affiant met Richard Adam until 1993 it was Affiant's understanding that Richard Adam's family was involved in the auto repair business.

D. In 1993 Affiant learned from his mother that Richard Adam was involved in the finance business, which required Richard Adam to be traveling constantly. This traveling started soon after Affiant returned from college and never ended.

E. Affiant was never employed by Richard Adam in the finance business nor did Richard Adam ever discuss the specific nature of his business with Affiant. In 1993 Affiant was employed by Atlantic Wholesale, Inc. and in 1995 Affiant started his own company by the name of Nevco Trading, Inc. Atlantic Wholesale, Inc. and Nevco Trading, Inc. are in the business of wholesale grocery products.

F. From 1993 through the present Affiant has been working to establish himself in the wholesale grocery business. While Affiant did live at the Property during the time periods set forth in Mr. Stidger's affidavit, Affiant was not aware of the alleged illegal business of Mr. Adam. None of the U.S.A.'s allegations indicate that there were any illegal activities at the Property. Affiant did not have any knowledge as to the circumstances (or the source of funds) relating to Richard Adam's acquisition of the Property; nor does Mr. Stidger's Affidavit indicate otherwise.

CASE NO.: 97-2729 CIV-GOLD

G. In 1995 Affiant's mother advised Affiant that Richard Adam had been arrested in Canada. Richard Adam never returned.

H. Affiant's mother appeared despondent as a result of Richard Adam's failure to return. From 1996 through 1997, Affiant helped his mother maintain the Property physically and financially. Finally in 1997 Ronnie Adam offered to convey the Property to Affiant in order to relieve her of the burden of owning and maintaining the Property alone.

I. Affiant agreed to acquire the Property and made application for financing in due course. At Closing Affiant executed and delivered a Note and Mortgage in the total amount of $210,000.00 personally obligating himself for the indebtedness.

J. At no time prior to his acquisition of the Property did Affiant discover that any portion of the Property was acquired with Richard Adam's illegally procured funds.

K. Affiant's understanding was that the Property was acquired with the earnings of Richard Adam in legitimate businesses.

L. Since Affiant acquired the Property, Affiant has exclusively made all of the mortgage payments and has otherwise solely maintained the Property.

M. Affiant has not seen Richard Adam since 1993.

N. Prior to Affiant's acquisition of the Property Affiant was not advised by Allen Stidger or anyone else that the Property was targeted for forfeiture.

FURTHER AFFIANT SAYETH NOT.

_____
NEVIN SHAPIRO

STATE OF FLORIDA)
COUNTY OF DADE )

**SWORN TO AND SUBSCRIBED TO**, before me, the undersigned authority this ___ day of _____, 1998 by Nevin Shapiro who is personally known to me or who has provided _____ as identification.

By: _____

Notary Public, State of Florida
Printed Name: _____
My Commission Expires: _____

ANNIE GONZALEZ
MY COMMISSION # CC 642500
EXPIRES: April 28, 2001
Bonded Thru Notary Public Underwriters

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed this ___ day of _____, 1998 to William H. Beckerleg Jr., Esquire, Assistant United States Attorney, 500 E. Broward Boulevard, Suite 700, Ft. Lauderdale, Florida 33394; and to Steven R. Brenners, Esquire, 2855 University Drive, Suite 110, Coral Springs, Florida 33065-4100; and to Joel Kaplan, Esquire, 100 N. Biscayne Boulevard, Suite 1100, Miami, Florida 33132.

SMOLER, LERMAN, BENTE
& WHITEBOOK, P.A.
Co-Counsel for Claimant, NEVIN SHAPIRO
2620 NationsBank Tower
100 SE Second Street
Miami, Florida 33131
Telephone (305) 539-0011

By: _____
Carlos D. Lerman, Esquire
Florida Bar No. 768448