97-2729s.jmt
TS\WB:ie

**NIGHT BOX FILED**

**JUN 11 1998**

CARLOS JUENKE
CLERK, USDC / SDFL / MIA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO.  97-2729-CIV-GOLD |
| Plaintiff, ) | MAGISTRATE JUDGE JOHNSON |
| v. ) | |
| ONE REAL PROPERTY AT ) | **PLAINTIFF'S REPLY TO** |
| 241 N.E. 32nd COURT, ) | **CLAIMANT NEVIN SHAPIRO'S** |
| LIGHTHOUSE POINT, FLORIDA, ) | **MEMORANDUM OF LAW IN** |
| etc., ) | **OPPOSITION TO THE UNITED** |
| ) | **STATES' MOTION FOR** |
| ) | **SUMMARY JUDGMENT** |
| Defendant. ) | |

Plaintiff, through the undersigned Assistant United States Attorney files this reply to the Claimant Nevin Shapiro's Memorandum of Law in Opposition to the United States' Motion for Summary Judgment. In support of its reply, plaintiff submits that:

1. Plaintiff's motion seeks summary judgment on two separate issues, whether probable cause exists to establish that

the defendant property is subject to forfeiture pursuant to 18 U.S.C. §981(a)(1)(A), and whether the claimant is an innocent owner under 21 U.S.C. §881(a)(6). In his memorandum of law, claimant Nevin Shapiro ("Claimant") failed to respond or even address the plaintiff's probable cause set forth in the complaint and the motion, i.e., that the defendant property constitutes property involved in a transaction or attempted transaction in violation of Title 18 U.S.C. §1957(a). Plaintiff has clearly established probable cause with the allegations of the verified complaint and the affidavit of Special Agent Allen Stidger, attached to the motion. Claimant's memorandum, however, deals solely with his alleged innocent owner defense. Nowhere is the probable cause issue mentioned. Accordingly, plaintiff is entitled to summary judgment on the probable cause issue.

2. As to claimant's alleged innocent owner defense, it remains undisputed and uncontroverted that claimant acquired legal title to the defendant property through a quitclaim deed from Ronnie Adam (claimant's mother and wife of Richard Adam), dated October 15, 1997, some eight days after plaintiff recorded its lis pendens on October 7, 1997. Plaintiff agrees that claimant's innocent owner defense remains a material issue of fact in dispute and that Summary Judgment on this issue is

presently inappropriate. The Eleventh Circuit does require actual knowledge and not constructive knowledge (filing of a lis pendens) to defeat an innocent owner defense. Additionally, claimant has denied the representations made by Agent Stidger in his affidavit.

## CONCLUSION

Plaintiff is entitled to and requests partial-summary judgment on the issue of probable cause.

                                    Respectfully submitted,

                                    THOMAS E. SCOTT
                                    UNITED STATES ATTORNEY

By: _____
                                    WILLIAM H. BECKERLEG, JR.
                                    ASSISTANT U.S. ATTORNEY
                                    500 E. Broward Blvd.
                                    Suite 700
                                    Ft. Lauderdale, Fl 33301
                                    Tel: (954) 356-7314
                                    Fax: (954) 356-7180
                                    Fla. Bar No. A5500074

**CERTIFICATION OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed this 11th day of June, 1998, to:

| | |
|---|---|
| Carlos Lerman, Esq. | Joseph Huss, Esq. |
| C/o Smoler, Lerman, Bente | Romanik, Huss, Paoli & Ivers |
| & Whitebook, P.A. | 1901 Harrison Street |
| 2620 NationsBank Tower | Hollywood, Florida 33020 |
| 100 S.E. 2nd. Street | |
| Miami, Florida 33131 | |

_____
WILLIAM H. BECKERLEG, JR.
ASSISTANT U.S. ATTORNEY