February 27, 2012

**VIA FACSIMILE and US MAIL**
Ms. Stephanie Evans
United States Attorney's Office
500 S. Australian Ave Suite 400
West Palm Beach, Florida 33401

Mr William H. Beckerleg
United States Attorney's Office
500 E. Broward Boulevard Suite 700
Fort Lauderdale, Florida 33394

Dear Mr. Beckerleg and Ms. Evans,

This is a safe harbor letter pursuant to Rule 11. If I do not receive an adequate response I will file a motion for Rule 11 sanctions in both the 97-CR-6063 and 97-CV-2729 actions.

At issue is DE 6 in 97-cv-2729 attached herein.

Already at issue is that neither I nor the victims were noticed of the existence of 97-cv-2729. However, looking back at the documents, I have found an additional discrepancy.

DE 6 specifically states that the premises and property were condemned and subject to forfeiture "Pursuant to 21 U.S.C. 881(a) 96)".[1]

21 U.S.C. 881 (a)(6) is a drug forfeiture law. Nothing within the affidavits by F.B.I. Agent Allen Stidger filed in 97-cv-2729 are about narcotic proceeds. Further, in discovery in 97-cr-6063; neither I nor my attorney were informed that Richard Adam was involved in drug trafficking. Thus, this is the quandary.

Either AUSA Ray knowingly filed a false document stating that 97-cv-2729 to seize property that was un-related to drug trafficking under 21 U.S.C. 881 [a drug forfeiture statute] or in the alternative the AUSA's in 97-cr-6063 knowingly withheld all Brady discovery from me regarding Richard Adam's drug trafficking.

I am asking Mr. Beckerleg to either correct the issue by filing the appropriate documents in 97-cv-2729 or in the alternative for Ms. Evans to file a motion to dismiss the criminal conviction against me in its entirety in 97-cr-6063 because of the United States failure to turn over Brady discovery concerning Richard Adam.

---

[1] Since there is no 96) in 21 USC 881 it is presumed there is a typographical error and the "9" should be a "(".

1

It is my understanding you have *twenty one days to respond* upon receipt. I look forward to your response. I have no faith that the appropriate actions will be taken since past experience has demonstrated to me personally that employees of the Department of Justice have no ability to regulate themselves in accordance to the rules in place. Thus, I am taking the liberty of carbon copying this letter to the appropriate executive branch individuals to insure your compliance with Rule 11.

Respectfully,

Barbara Ann Murray
P.O. Box 3121
Westport, CT. 06880

cc. Vice President Joe Biden        202-456-2461
cc. Congressman Darrell Issa        202-225-3974
cc. Senator Chuck Grassley          202-224-9102
cc. Congressman Lamar Smith         202-225-8628
cc. US Attorney Wifredo A. Ferrer   305-530-7679

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED BY ____ D.C.
97 OCT -2 PM 3:38
CLERK U.S. DIST CT
S.D. OF FLA. MIAMI

UNITED STATES OF AMERICA, )
                          ) CASE NO. 97-2729-CIV-GOLD
         Plaintiff,       ) Magistrate Judge Johnson
                          )
vs.                       )
                          )
ONE REAL PROPERTY LOCATED )
AT 2411 NE 32ND COURT, LIGHTHOUSE )
POINT, FLORIDA, TOGETHER WITH ALL )
APPURTENANCES AND IMPROVEMENTS )
THERETO AND THEREON,      )
                          )
ONE (1) 1963 CHRIS CRAFT ROAMER ) NOTICE OF LIS PENDENS
YACHT KNOWN AS THE MITZ, VESSEL )
NUMBER 961848 AND HULL NUMBER )
44106 AND ALL EQUIPMENT, APPAREL )
ENGINES, RIGGING, AND OTHER )
CONTENTS ABOARD,          )
                          )
         Defendants.      )
_____)

Plaintiff, United States of America, pursuant to F.S. §48.23, as made applicable hereto by 28 U.S.C. §1964, hereby gives Notice of the filing on August 22, 1997 in the United States District Court, in the matter captioned above, of its Complaint for Forfeiture in Rem, and on September 24, 1997 of the issuance by the Clerk of Court of a Summons in Rem, concerning the premises located at 2411 N.E. 32nd Court, Lighthouse Point, Florida, together with all appurtenances thereto and all improvements thereon, is more particularly known as:

> Lot 20, in Block 7, of LIGHTHOUSE POINT 6TH SECTION, according to the plat thereof, recorded in Plat Book 42, at Page 35, of the Public

Records of Broward County, Florida.

The object and intention of this litigation is to have the Court decree that as of September 24, 1997, the defendant premises and property became condemned and forfeit to the United States of America, due to its use in violation of Federal Law, pursuant to 21 U.S.C. §881(a)96).

All persons having an interest in said defendant, by way of title, mortgage, lien or otherwise, wishing to preserve same, must file and serve a claim and answer in this matter as required by Rule C(6), Supplemental Rules for Certain Admiralty and Maritime Claims, 28 U.S.C. app., or suffer forfeiture thereof by default.

Title to the defendant property is presently believed to be held in the name(s) James D. Bistline.

Respectfully submitted,

THOMAS E. SCOTT
UNITED STATES ATTORNEY

By: _____
Scott E. Ray
Assistant U.S. Attorney
99 N.E. 4th Street
Suite 633
Miami, Florida 33132
Fla. Bar No. 0802050
Tel: (305)536-5495
Fax: (305)536-7599