UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 97-2729-CIV-GOLD/GOODMAN

UNITED STATES,

    Plaintiff,

v.

2411 NE 32ND COURT, et al.,

    Defendants.

_____/

## ORDER

This matter is before the Court on reference from U.S. District Judge Alan S. Gold (DE 40) of Barbara Murray's *pro se* Motion to Correct the Clerk's Record (DE 39). The Court has reviewed the motion and associated briefing (DE 42, 44, 45).

This was a civil forfeiture cased brought by the United States to force the sale of real and personal property located in Broward County, Florida (DE 1). Although multiple properties were at issue in the forfeiture proceeding, it is only a 1963 yacht which is at issue in the motion. On February 11, 1999, after said property was sold, Judge Gold entered an order providing for the disbursement of proceeds from the sale (DE 36). In the order, Judge Gold dismissed the case and retained jurisdiction to enforce a hold harmless agreement contained in paragraph 4 of the order. In April 1999, Judge Gold modified the original disbursement instructions based on the parties' agreement.

As best as the Court can tell, Murray, who was not a party to this forfeiture case and never asserted a claim to the yacht, seeks an order directing the Clerk of the Court to annotate that this case is related to a criminal case (No. 97-6063-CR) -- a case in which

Murray was convicted of several felonies. Murray also raises other issues, such as arguments that she believes there are discrepancies surrounding old affidavits, but does not seek any specific relief.

Ultimately, however, Murray has failed to demonstrate any legal basis for the Court to grant this relief or to take any action on her motion whatsoever.

First, Murray has not alleged any facts which would give her the requisite standing to seek relief concerning the yacht such as an alleged interest or ownership in the yacht. *See Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005). Second, as noted, this case, which has now been closed for more than 13 years, was previously dismissed by Judge Gold. Once a court enters an order of dismissal, it generally loses jurisdiction to further act on the case except to extent that it specifically retains jurisdiction. *See, e.g.*, *Kokkonen v. Guardian Life Insur. Co. of Am.*, 511 U.S. 375 (1994) (district court could not enforce settlement agreement because its order of dismissal did not reserve jurisdiction to do so). In this case, the plaintiff proceeded *in rem* against the subject property and the Court's jurisdiction in an *in rem* action is based "entirely" on its control over the property. *United States v. One Lear Jet Aircraft*, 836 F.2d 1571, 1573 (11th Cir. 1988). Since the property at issue has already been sold and its proceeds distributed, the Court no longer retains jurisdiction in this matter.

Moreover, individuals cannot simply file motions in cases in which they are not parties. Murray was not a party to this case, never sought to intervene in the case, never sought to join as a claimant and has not demonstrated any basis for doing so now, 13 years after the fact. *See* Fed. R. Civ. P. 24(b)(3) (court must consider **undue delay** and prejudice to original parties in deciding whether to permit intervention). Finally, Federal

2

courts have a policy of finality in their judgments and proceedings which overwhelmingly counsels against considering the merits of Murray's motion more than a decade after this case was decided and closed.

Accordingly, for all the reasons discussed above, Murray's motion is **denied**.

**DONE AND ORDERED** in Chambers, at Miami, Florida, March 6, 2012.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Hon. Alan Gold
Counsel of Record

Barbara Ann Murray, *pro se*
PO Box 3121
Westport, CT 06880