UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 97-2729-CIV-GOLD/GOODMAN

UNITED STATES,

    Plaintiff,

v.

2411 NE 32ND COURT, et al.,

    Defendants.
_____/

## ORDER ON MOTION FOR RECONSIDERATION

This matter is before the Court on Movant Barbara Murray's "Motion to Reconsider," filed March 12, 2012. [DE 47]. The government responded to the motion on March 14, 2012. [DE 48]. No reply was filed. The Court has considered the motion and response and is otherwise duly advised.

On March 6, 2012, the Court denied Murray's motion to correct the clerk's record to indicate that this case is related to a criminal case. [DE 46]. The Court found that it lacked jurisdiction and that Murray, who was not a party to this 14-year-old case, lacked standing. Aside from these jurisdictional issues, the Court also noted that the federal courts' policy of finality strongly favored leaving this case undisturbed after it was completed and closed over a decade ago.

"The Federal Rules of Civil Procedure do not mention motions for reconsideration." *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999). Therefore, the Court must decide whether the motion for reconsideration is a Rule 59(e) motion to alter or amend a judgment or a Rule 60(b) motion for relief from a judgment or order.

Because the motion here is directed to a nonfinal order, entered after a final order has already been entered in this case, Murray's motion must be construed as a Rule 60(b) motion. *See Broadway*, 193 F.3d at 989 ("only Rule 60(b) encompasses a motion filed in response to an order").

Federal Rule of Civil Procedure 60(b) provides that upon motion the court may relieve a party from a final judgment, **order**, or proceeding because of:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud . . . misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Murray's motion does not specify the basis on which she is entitled to reconsideration, but it is clear that her motion does not satisfy any of the grounds for reconsideration enumerated in Rule 60(b). Reconsideration is an extraordinary remedy that is committed to the sound discretion of the district court. *See Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1358 (S.D. Fla. 2004). In short, Rule 60(b) does not permit re-litigation of issues that have already been decided by previous orders. *See Bush v. Raytheon Co.*, No. 8:07-cv-2087-T-24 AEP, 2011 U.S. Dist. LEXIS 40442 (M.D. Fla. Apr. 7, 2011) (citing *Gonzalez v. Sec'y for Dep't of Corr.*, 366 F.3d 1253, 1291-92 (11th Cir. 2004)).

Murray's motion simply reargues her previous motion and re-raises the same general arguments that the Court previously rejected in the March 6th order. At a basic level, Murray is still unable to overcome the jurisdiction, standing and finality issues. Accordingly, the motion for reconsideration is **denied**.

Notice of Right to Appeal

Within fourteen (14) days after being served with this order, any party may appeal from the order on the grounds that the "order is clearly erroneous or contrary to law." 28 U.S.C. § 636; Fed. R. Civ. P. 72(a). Pursuant to Magistrate Rule 4(a)(1) of the Local Rules of the Southern District of Florida, "Such party shall file with the Clerk of the Court, and serve on all parties, written objections which shall specifically set forth the order, or part thereof, appealed from a concise statement of the alleged error in the Magistrate Judge's ruling, and statutory, rule, or case authority, in support of the moving party's position."

**DONE AND ORDERED** in Chambers, at Miami, Florida, April 11, 2012.

Jonathan Goodman
United States Magistrate Judge

Copies furnished to:
Hon. Alan Gold
Counsel of Record

Barbara Ann Murray, *pro se*
PO Box 3121
Westport, CT 06880